IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2014

## CRAIG O. MAJORS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 40701074      Michael R. Jones, Judge**

**No. M2013-01889-CCA-R3-HC    Filed 06/04/2014**

Petitioner, Craig O. Majors, was convicted of especially aggravated kidnapping, attempted aggravated robbery, and aggravated burglary. He received an effective twenty-year sentence in the Tennessee Department of Correction. *State v. Craig O. Majors*, No. M2009-00483-CCA-R3-CD, 2010 WL 2483512, at *1 (Tenn. Crim. App. June 21, 2010). Petitioner now appeals from the dismissal of his petition for writ of certiorari regarding his especially aggravated kidnapping and attempted aggravated robbery convictions. After our review of the parties' briefs, the record, and the applicable law, we conclude that petitioner does not have an appeal as of right from the denial of a petition for writ of certiorari, and we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Craig O. Majors, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On appeal, petitioner argues: (1) that *State v. White*, 362 S.W.3d 559 (Tenn. 2012), should apply retroactively to collateral attacks on final judgments; (2) that the trial court violated his constitutional rights by failing to instruct the jury on an essential element of kidnapping; and (3) that his convictions for especially aggravated kidnapping and attempted aggravated robbery violate his right to due process. The State responds that this court is

without jurisdiction to hear this appeal because there is no appeal as of right from the denial of a petition for writ of certiorari pursuant to Tennessee Rule of Appellate Procedure 3(b).

Rule 3(b) states:

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b). An appeal of the denial of a petition for a writ of certiorari does not fall under the enumerated actions from which a defendant may appeal as of right under Rule 3(b). Thus, petitioner does not have an appeal as of right from the trial court's order, and this court lacks jurisdiction to adjudicate petitioner's appeal.

Moreover, Tennessee Code Annotated section 27-8-101 provides that a writ of certiorari may only be granted when an inferior tribunal has exceeded its jurisdiction or acted illegally. Petitioner did not file a writ of certiorari petition in a superior court but, rather, applied to the Montgomery County Circuit Court to review a judgment that it had previously issued. Petitioner may not invoke a writ of certiorari to secure the trial court's review of its own judgment.[1] *See Mack Transou v. State*, No. W2010-01378-CCA-R3-CO, 2011 WL

_____

[1] We will not review petitioner's appeal as its own petition for writ of certiorari independent of his appeal from the lower court. "[W]rits of certiorari are bound by a sixty-day statute of limitations that is both mandatory and jurisdictional." *State v. John H. Parker*, No. W2004-00911-CCA-R3-CO, 2005 WL 850394, at *3 (Tenn. Crim. App. Apr. 13, 2005) (citations omitted). Even if we were to determine that the statute of limitations did not begin until the *White* decision in 2012, well after the entry of petitioner's judgment, the statute of limitations has expired.

2176524, *3 (Tenn. Crim. App. June 1, 2011); *State v. John H. Parker*, No. W2004-00911-CCA-R3-CO, 2005 WL 850394, at *3 (Tenn. Crim. App. Apr. 13, 2005).

## CONCLUSION

For the foregoing reasons, we dismiss petitioner's appeal.

_____
ROGER A. PAGE, JUDGE